UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JONATHAN SMITH,

        Plaintiff,

vs.                                     Case No.  2:07-cv-452-FtM-99SPC

GEO GROUP, INC., FLORIDA CIVIL
COMMITMENT CENTER, TIMOTHY BUDZ,
BOBBIE FORD, FNU JASSO, JASON MOORE,
GEORGE EMANOIDLS, MRS. SMITH,
CAPTAIN BURNETTE, FNU SHINE, FNU
WARREN and FNU COPERRAUTT ,

        Defendants.
_____

**<u>ORDER OF DISMISSAL</u>**

I.

    This matter comes before the Court upon review of the file. Plaintiff, a civil detainee at the Florida Civil Commitment Center ("FCCC"), initiated this action by filing an "Amended Civil Rights Action Complaint" (Doc. #1, Complaint). Plaintiff seeks to proceed *in forma pauperis* in this action. <u>See</u> Doc. #2.

II.

    The Complaint names the following Defendants: GEO Group, Inc.; Florida Civil Commitment Center; Timothy Budz, Executive Director; Bobby Ford, FCCC resident; Jasso, FCCC resident; Jason Moore, FCCC resident; George Emanoidls, clinical therapist; Mrs. Smith; Burnette, Captain; Mrs Shine; Mrs. Warren; and Mrs Coperrautt. Complaint at 1. Plaintiff alleges that the Defendants violated his rights under the Eighth and Fourteenth Amendments to the United

States Constitution.  Id. at 2.   Plaintiff also claims that Defendants violated his rights protected under the Florida Constitution and Florida Statutes.  Id. at 2-3.

The basis of Plaintiff's Complaint stems from the FCCC's decision to move Plaintiff from quad 2 to quad 3.  Id. at 3.  The Complaint alleges that in May 2007, FCCC resident Jasso "tried to get Plaintiff moved out of his cell." Id. at 3.  Plaintiff states that at that time he talked with L.T. Rubio and Mrs. Johnson, who called Dr. Emanoidls.  Id.  Plaintiff was informed that Defendant Emanoidls wanted Plaintiff moved from quad 2.  Id.  Plaintiff states that he told Emanoidls that he did not want to be moved from quad 2.  Id. Approximately one month later, Defendant Smith told Plaintiff that he had to move to quad 3.  Id.  Plaintiff states that none of the FCCC staff could explain why he was required to move to quad 3.  Id.  Plaintiff asserts that he wrote a grievance to Defendant Budz explaining the situation, but never received a response.  Id. at 4.  Plaintiff claims that he "feels he is being retaliated and discriminated against by these [sic] staff all because he is exercising his rights." Id.  Plaintiff seeks monetary damages, declaratory, and injunctive relief.  Id.

### III.

Despite Plaintiff's non-prisoner status, before the Court grants Plaintiff pauper status and directs the U.S. Marshal to serve his Complaint on Defendants, the Court is required to review Plaintiff's Complaint to determine whether the complaint is

frivolous, malicious or fails to state a claim.[1]  See 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).  In essence, § 1915(e)(2) is a screening process, to be applied *sua sponte* and at any time during the proceedings.  The Court, nonetheless, must read Plaintiff's *pro se* allegations in a liberal fashion.  Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003).

A complaint filed *in forma pauperis* which fails to state a claim under Federal Rule of Civil Procedure 12(b)(6) is not automatically frivolous.  Neitzke v. Williams, 490 U.S. 319, 328 (1989).  Rather, the test for granting a § 1915 dismissal is whether the claim lacks arguable merit either in law or fact.  Id. at 325; Mitchell v. Brown & Williamson Tobacco Corp., 294 F.3d 1309 (11th Cir. 2002); Bilal v. Driver, 251 F.3d 1346 (11th Cir. 2001).  Additionally, § 1915 requires dismissal when the legal theories advanced are "indisputably meritless," Nietzke, 490 U.S. at 327; when the claims rely on factual allegations which are "clearly baseless" Denton v. Hernandez, 504 U.S. 25, 32 (1992); or, when it appears that the plaintiff has little or no chance of success.  Bilal, 251 F.3d at 1349.

---

[1]The Court recognizes that certain portions of the Prison Litigation Reform Act are not applicable to Plaintiff due to his status as a civil detainee. Troville v. Venz, 303 F.3d 1256, 1260 (11th Cir. 2002). The United States Court of Appeals for the Eleventh Circuit previously found that a district court did not err by dismissing a Complaint filed by a civil detainee for failure to state a claim under the *in forma pauperis* statute, 28 U.S.C. Section 1915 (e)(2)(B). Id. at 1260. Other Courts have also found that section 1915(e)(2)(B) is not limited to prisoners, but applies to all persons proceeding *in forma pauperis*. See Calhoun v. Stahl, 254 F.3d 845 (9th Cir. 2001).

Title 42 U.S.C. § 1983 imposes liability on anyone who, under color of state law, deprives a person "of any rights, privileges, or immunities secured by the Constitution and laws."  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) defendants deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. Arrington v. Cobb County, 139 F.3d 865, 872 (11th Cir. 1998); U.S. Steel, LLC v. Tieco, Inc., 261 F.3d 1275, 1288 (11th Cir. 2001).  In addition, a plaintiff must allege and establish an affirmative causal connection between the defendant's conduct and the constitutional deprivation. Marsh v. Butler County, Ala., 268 F.3d 1014, 1059 (11th Cir. 2001); Swint v. City of Wadley, Ala., 51 F.3d 988, 999 (11th Cir. 1995); Tittle v. Jefferson County Comm'n, 10 F.3d 1535, 1541 n.1 (11th Cir. 1994).

IV.

Here, Plaintiff's Complaint is flawed and is subject to dismissal. Certain Defendants, such as Florida Civil Commitment Center, Bobby Ford, Jasso, and Jason Moore, are not subject to suit under 42 U.S.C. § 1983. See generally Monroe v. Pape, 365 U.S. 167 (1961).  The FCCC itself and the Defendants that Plaintiff identifies as FCCC residents are not persons acting under the color of state law subject to suit under § 1983.  Further, the Court cannot conceive which, if any, of Plaintiff's constitutional rights were violated by the Defendants' decision to merely move Plaintiff from one quad to another quad. Cf. Meachum v. Fano, 427 U.S. 215,

-4-

223 (1976)(stating there are no due process protections when discretionary transfer of state prisoners to a substantially less agreeable prison).  Also, although Plaintiff surmised in one sentence that he was being "retaliated and discriminated against" by the FCCC staff, the Complaint falls short of stating a claim for retaliation or discrimination.

A First Amendment retaliation claim requires: first, that a plaintiff's speech or act was Constitutionally protected; second, that the defendant's retaliatory conduct adversely affected the protected speech; and third, that there is a causal connection between the retaliatory actions and the adverse effect on speech.  See Bennett v. Hendrix, 423 F.3d 1247, 1250 (11th Cir. 2005)(citations omitted) (surveying the law in other circuits regarding a retaliation claim as this was a case of first impression); Pittman v. Tucker, 213 Fed. Appx. 867, 870 (11th Cir. 2007) (applying Bennett factors to a retaliation claim arising in the prison context).  "The plaintiffs' claim depends not on the denial of a constitutional right, but on the harassment they received for exercising their rights. 'The reason why such retaliation offends the Constitution is that it threatens to inhibit exercise of the protected right.'" Bennett, 423 F.3d at 1253.  The Complaint fails to contain any such allegations. Rather, the Complaint states the staff did not know why Plaintiff was moved from one quad to another quad.  The complaint also does not show that Plaintiff experienced discriminatory treatment, or

-5-

that the treatment he received was based on a constitutionally protected interest.  See Jones v. Ray, 279 F.3d 944, 946-947 (11th Cir. 2001).  Last, to the extent the Complaint includes any pendent state law claims, the Court will not retain jurisdiction of the state claims as the federal claims are dismissed.  See Ortega v. Schramm, 922 F.2d 684, 688 (11th Cir. 1991).

ACCORDINGLY, it is hereby

**ORDERED**:

1.  Plaintiff's motion to proceed *in forma pauperis* (Doc. #2) is **DENIED.**

2.  The Complaint (Doc. #1) is dismissed without prejudice for failure to state a claim.

3.  The Clerk of Court shall: (1) enter judgment accordingly; (2) terminate any motions; (3) close this case.

**DONE AND ORDERED** in Fort Myers, Florida, on this ___12th___ day of August, 2008.


_____
JOHN E. STEELE
United States District Judge


SA: alj
Copies: All Parties of Record

-6-